UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **James Vaughn,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**Credit Control Services, Inc.,** )<br>**d/b/a Credit Collection Services, Inc.,** )<br>)<br>**Defendant.** )<br>_____) | **Case No.: 1:22-cv-1938** |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability.  Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, James Vaughn, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 725 Canton Street, Norwood, MA 02062.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana.  *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requested that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Prior to July 6, 2022, Defendant was attempting to collect a debt that Plaintiff owed to PNC Bank.

26. The Plaintiff retained Attorney Michael Dalton for legal representation regarding the Plaintiff's debts.

27. On July 6, 2022, Plaintiff sent a letter directly to Defendant advising the Defendant that he had legal counsel for this debt.  This letter mentions Attorney Michael Dalton on three (3) occasions in the letter. *See Exhibit "2" attached hereto*.

28. On July 8, 2022, Plaintiff sent a second letter directly to Defendant advising the Defendant that he had legal counsel for this debt.  This letter mentions Attorney Michael Dalton on three (3) occasions in the letter. *See Exhibit "2" attached hereto*.

29. Upon information and belief, Defendant received the aforementioned letters. The law presumes timely delivery of a properly addressed piece of mail. Bobbit v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); *see also* Hayes v. Potter, 310 F.3d 979, 982 (7th Cir. 2002) ("We will generally presume timely delivery of properly addressed mail").

30. On August 5, 2022, Defendant sent a dunning directly to Plaintiff in an attempt to collect the aforementioned debt that Plaintiff owed to PNC Bank.  See Exhibit "3" attached hereto.

31. Defendant's violations are material because, although the unsophisticated consumer, through her attorney, would be informed that a debt collector may not contact a consumer with counsel, Defendant's continued collection communication would make the unsophisticated consumer believe that he did not have the rights Congress had granted her under the FDCPA.

32. Defendant's violation represents an invasion of Plaintiff's right to privacy.  Defendant's violations constitute an intrusion upon seclusion for Plaintiff.

33. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:
Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 33 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692c by continuing to contact the Plaintiff directly in an attempt to collect a debt despite notice of legal representation.

3  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320

Email: john@johnsteinkampandassociates.com